UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>BEVERLY WILLIAMS,<br><br>*Defendant*. | No. 22-cr-333 (DLF) |

# ORDER

Beverly Williams seeks a retroactive reduction in sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the U.S. Sentencing Guidelines. Dkt. 73. For the reasons that follow, the Court will deny her motion.

In general, the Court cannot "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). But if "a defendant . . . has been sentenced based on a sentencing range that has subsequently been lowered by the [U.S.] Sentencing Commission" under 28 U.S.C. § 994(o), the Court "may reduce" her sentence "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Policy Statement 1B1.10, an applicable policy statement issued by the Sentencing Commission, clarifies these instructions. *See Dillon v. United States*, 560 U.S. 817, 826 (2010). It says that a court must start by ascertaining whether the Commission has made a change to the Sentencing Guidelines retroactive. U.S.S.G. § 1B1.10(a)(2)(A), (d) (policy statement). If so, the Court must "determine the amended guideline range that would have been applicable to the defendant if the [retroactive] amendment(s) had been in effect at the time the defendant was sentenced," leaving "all other guideline application decisions unaffected." *Id.* § 1B1.10(b)(1). Unless a defendant benefitted from "a government motion to reflect [her] substantial assistance to

authorities," *see id.* § 5K1.1, the Court cannot reduce her sentence below "the minimum" of "the amended guideline range" it calculates, *id.* § 1B1.10(b)(2)(A). For example, if a defendant's amended guideline range proposes 18 to 24 months' incarceration, the Court cannot reduce her sentence to less than 18 months.

In 2023, the Sentencing Commission amended the Sentencing Guidelines retroactively. *See* 88 Fed. Reg. 60534, 60535 (Sept. 1, 2023). The amendment, Amendment 821, reduces the guidelines range for certain offenders without a scorable criminal history by two points. U.S.S.G. § 4C1.1(a); 88 Fed. Reg. 28254, 28271 (May 3, 2023). Williams seeks a corresponding reduction in her sentence.

Williams' motion runs aground on Policy Statement 1B1.10, however. At sentencing, the Court calculated Williams' offense level as 17 and her criminal history category as I, yielding a guidelines range of 24 to 30 months' incarceration. Dkt. 66 at 1. The Court varied downwards and sentenced Williams to 18 months in prison instead. *Id.* Now, applying Amendment 821 retroactively while leaving "all other guideline application decisions unaffected," Williams has an offense level of 15 and a criminal history category of I. U.S.S.G. § 1B1.10(b)(1); *see id.* § 4C1.1(a). That yields a guidelines range of 18 to 24 months in prison—but Williams' 18-month sentence sits at the bottom of that range already. *Id.* Ch. 5 Pt. A. As a result, the Court cannot reduce it further, assuming without deciding that it would otherwise be inclined to do so. *Cf. United States v. Taylor*, 743 F.3d 876, 879–80 (D.C. Cir. 2014) ("Because § 1B1.10(b)(2)(A) bars sentence reductions below the applicable amended guideline range, and because [the defendant's] sentence was already below that range, the district court properly held that a reduction in [the defendant's] sentence was unavailable.").

Accordingly, the defendant's motion is **DENIED**.

**SO ORDERED.**

March 26, 2024

_____
DABNEY L. FRIEDRICH
United States District Judge

3